## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **TRAI'VAN E. MITCHELL** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:21-cv-00055** |
| | ) | |
| **RUDD MEDICAL SERVICES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Trai'Van E. Mitchell, an inmate at Rutherford County Adult Detention Center in Murfreesboro, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed as a pauper (Doc. No. 2). The Complaint is before the Court for an initial review under the Prison Litigation Reform Act and the in forma pauperis statute.

### I.      Application to Proceed as a Pauper

The Court may authorize an inmate to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff's application to proceed as a pauper (Doc. No. 2) reflects that he cannot pay the filing fee in advance without undue hardship, so it will be granted. The $350.00 filing fee will be assessed as directed in the accompanying Order. 28 U.S.C. § 1915(b)(1).

### II.      Initial Review

The Court must dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). The Court also must liberally construe pro se pleadings and hold them to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### A.    Factual Allegations

Plaintiff alleges that, on December 23, 2019 around 8:00 a.m., he was severely burned by hot butter while working in the kitchen at Rutherford County Adult Detention Center. (Doc. No. 1 at 5). Deputy McClure took Plaintiff to medical because his "skin was, literally, falling from [his] face and arm." (Id.). Plaintiff and McClure told the nurses that Plaintiff needed to go to the hospital, but Doctor Rudd did not allow him to do so. (Id.). Plaintiff had "severe pain without adequate medication" for "a few hours short of 24 hours." (Id.). From the end of December 2019 through January 2020, Plaintiff did not have proper medication or a "proper/clean place to clean [his] wounds." (Id.). Plaintiff was also charged for medication. (Id.) Plaintiff sues Rudd Medical Services, requesting monetary damages and court costs. (Id. at 6).

### B.    Legal Standard

To determine if the Complaint passes initial review under the applicable statutes, the Court applies the Rule 12(b)(6) standard. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

### C.    Analysis

"There are two elements to a § 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived

the plaintiff of rights secured under federal law." Handy-Clay v. City of Memphis, Tenn., 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted).

Plaintiff asserts that Rudd Medical Services provided inadequate medical care after he sustained severe burns on December 23, 2019. The Eighth Amendment provides that "prison doctors or officials" must not be "deliberately indifferent to [a] prisoner's serious medical needs." Richmond v. Huq, 885 F.3d 928, 937 (6th Cir. 2018) (quoting Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir. 2001)). "A constitutional claim for deliberate indifference contains both an objective and a subjective component. The objective component requires a plaintiff to show the existence of a 'sufficiently serious' medical need." Dominguez v. Corr. Med. Servs., 555 F.3d 543, 550 (6th Cir. 2009) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). "The subjective component, in contrast, requires a plaintiff to 'allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk.'" Id. (quoting Comstock, 273 F.3d at 703).

For the purpose of initial review, the Court presumes that Rudd Medical Services is a private entity contracted to provide medical care to inmates at Rutherford County Adult Detention Center. "A private entity . . . that contracts to provide medical services at a jail can be held liable under § 1983 because it is carrying out a traditional state function." Winkler v. Madison Cnty., 893 F.3d 877, 904 (6th Cir. 2018) (citing Johnson v. Karnes, 398 F.3d 868, 877 (6th Cir. 2005)). But allegations that Plaintiff suffered a constitutional violation by Rudd employees, alone, are insufficient to impose liability on Rudd Medical Services itself. See D'Ambrosio v. Marino, 747 F.3d 378, 388–89 (6th Cir. 2014) (quoting Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)) ("A municipality may not be held liable under § 1983 on a respondeat

superior theory—in other words, 'solely because it employs a tortfeasor.'"). Instead, a government contractor like Rudd Medical Services can only he held liable "for a policy or custom of that private contractor." Winkler, 893 F.3d at 904 (quoting Johnson, 398 F.3d at 877).

Here, Plaintiff satisfies the objective component of a deliberate-indifference claim by alleging that he sustained severe burns. As to the subjective component, Plaintiff's allegation that he went to medical, with skin "literally[] falling from [his] face and arm," and requested to go to the hospital reflects that Rudd Medical Services was aware of his medical needs. And by Doctor Rudd refusing Plaintiff's request to go to the hospital, and instead treating Plaintiff's severe burns with improper medication, Rudd arguably made "a decision to provide an 'easier and less efficacious treatment,'" which "may suffice to establish deliberate indifference." See Darrah v. Krisher, 865 F.3d 361, 372 (6th Cir. 2017) (citing Warren v. Prison Health Servs., Inc., 576 F. App'x 545, 552 (6th Cir. 2014)). For the purpose of initial review, that is sufficient to allege that Plaintiff suffered a constitutional violation.[1]

Plaintiff, however, fails to state a claim against Rudd Medical Services because he does not make any allegation from which the Court can reasonably infer that Rudd Medical Services had a "policy or custom" that was the moving force behind the asserted constitutional violation.[2]

---

[1] To the extent that Plaintiff seeks to state a claim based on being required to pay for medication, however, he fails to do so. See Bailey v. Carter, 15 F. App'x 245, 250 (6th Cir. 2001) (holding that Eighth Amendment claim based on inmates' allegation "that they were required to pay for medication," but not denied it, is "indisputably meritless"); White v. Corr. Med. Servs., Inc., 94 F. App'x 262, 263 (6th Cir. 2004) (citing Reynolds v. Wagner, 128 F.3d 166, 173–74 (3d Cir. 1997)) ("It is constitutional to charge inmates a small fee for health care where indigent inmates are guaranteed service regardless of ability to pay.").

[2] The Court also notes a potential timeliness issue. The statute of limitations for claims brought under Section 1983 in Tennessee is one year. Jordan v. Blount Cnty., 885 F.3d 413, 415 (6th Cir. 2018) (citing Tenn. Code Ann. § 28-3-104(a)). Here, Plaintiff knew of the act providing the basis for this action on December 23, 2019, when he allegedly sustained his injuries. Thus, the deadline for Plaintiff to file Section 1983 claims based on this injury would typically be December 23, 2020. The Court deems a prisoner's complaint filed when it is given to prison officials for mailing. Brand v. Motley, 526 F.3d 921, 925 (6th Cir. 2008) (citations omitted). Based on the date on the signature page of the Complaint—December 8, 2020—the Complaint is timely. See id. (citations omitted) (noting that, "absent contrary evidence," courts

4

"There are four methods of showing . . . a policy or custom: the plaintiff may prove '(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations.'" Jackson v. City of Cleveland, 925 F.3d 793, 828 (6th Cir. 2019) (quoting Burgess v. Fischer, 735 F.3d 462, 478 (6th Cir. 2013)).

Because Plaintiff is representing himself, he will have an opportunity to file an Amended Complaint that states a claim for denial of adequate medical care in light of these standards.

## III.    Conclusion

For these reasons, Plaintiff fails to state a claim under Section 1983 at this time. Accordingly, this action will be dismissed. As explained in the accompanying Order, however, this dismissal will be with leave for Plaintiff to file an Amended Complaint regarding his claim for deliberate indifference to serious medical needs. See LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

assume a prisoner delivered his complaint for mailing on the date "he or she signed" it). But the Court did not receive the Complaint until much later—January 22, 2021. (Doc. No. 1). However, the Court has no evidence to resolve any timeliness issue presented by this discrepancy at the initial review stage, and the statute of limitations is an affirmative defense for which a defendant bears "the ultimate burden of proof." Surles v. Anderson, 678 F.3d 452, 458 (6th Cir. 2012) (citations omitted).